This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.                                                                          **NO. 32,715**

**PATRICK URIAH FOLEY,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

<strong>MEMORANDUM OPINION</strong>

**WECHSLER, Judge.**

{1}     Defendant Patrick Foley appeals his conviction for residential burglary. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition and a motion to amend the docketing statement, both of which this Court has duly considered. As we do not find Defendant's arguments persuasive, we deny his motion to amend and we affirm his conviction.

**Denial of the Motion for a Directed Verdict**

{2}     Defendant contends that the district court erred in refusing to grant his motion for a directed verdict on the charge of residential burglary. [DS unnumbered page 2] In our notice of proposed summary disposition, we proposed to hold that there was sufficient evidence to support the underlying charge, such that the district court did not err in denying the motion. *See State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198 (stating the standard of review for a motion for a directed verdict). In Defendant's memorandum in opposition, he continues to argue, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that the evidence was insufficient. [MIO 6-8] As he presents no new facts or authority that would persuade this Court that reversal is warranted on this basis, he has failed to demonstrate reversible error.

**Discovery Violation**

2

{3} Defendant contends that the district court erred in admitting into evidence photographs that were not disclosed to him until after the trial had begun. [DS unnumbered page 2] In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in admitting the photographs because Defendant did not demonstrate that the late disclosure prejudiced him. *See* *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25 (stating that "the mere showing of violation of a discovery order, without a showing of prejudice, is not grounds for sanctioning a party").

{4} In his memorandum in opposition, Defendant now explains that in fact the photographs were made available to him in the State's general "open-file" disclosure, but that he simply failed to take advantage of the disclosure to review the materials that the State had in its possession. [MIO 3] He provides no authority to suggest that this open-file disclosure does not constitute a proper disclosure of discovery. As he has failed to establish that the State committed a discovery violation, the district court did not err in refusing to sanction the State.

{5} In addition, even if there had been a discovery violation, Defendant's memorandum in opposition fails to demonstrate that he established in the district court that he was prejudiced by the violation. He asserts that he was prejudiced because if he had known about the photographs, he would have been able to provide an

explanation for the broken window that they depicted. [MIO 6] However, Defendant was aware that the State intended to introduce evidence of a broken window, as this information was contained in the criminal complaint and in police reports. [RP 14; DS unnumbered page 2] In addition, he was apprehended in his uncle's house in the course of the burglary, and he himself informed a police officer that he had broken the window. [RP 14] Because Defendant was aware of the fact of the broken window, he would have been able to provide an explanation, regardless of any failure to disclose the photographs. Therefore, he has failed to demonstrate prejudice. *See id*. ¶ 20 (indicating that prejudice is not clearly shown when the "defendant has knowledge of the contents of the unproduced evidence").

**Admission of a Videotape**

{6}     In his docketing statement, Defendant argued that the district court erred in admitting into evidence a copy of a videotaped interview of him without proof of authenticity. [DS unnumbered page 3] We proposed to find no error, and Defendant has failed to respond to this Court's analysis of this issue in his memorandum in opposition. Accordingly, he has abandoned the claim of error. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (indicating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the  proposed disposition of the issue).

4

**Motion to Amend the Docketing Statement**

{7}     Defendant moves to amend the docketing statement to add a claim that his trial counsel was ineffective for failing to review the photographs that were provided by the State in its open-file discovery. [MIO 1, 8-11] However, he acknowledges that in order to establish a prima facie case of ineffective assistance of counsel on direct appeal, he is required to demonstrate that trial counsel's failure prejudiced him. *See State v. Arrendondo,* 2012-NMSC-013, ¶ 38, 278 P.3d 517 ("For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." (internal quotation marks and citation omitted)). As we have already explained, Defendant cannot demonstrate that the failure to review the photographs prejudiced him, since he and his counsel were already aware of the evidence of the broken window. To the degree that there may have been some explanation for the broken window other than Defendant's having broken it, counsel was on notice that such an explanation should be produced for the jury, even without having reviewed the photographs. Because Defendant fails to demonstrate prejudice based on the failure to review the photographs, Defendant's motion to amend the docketing statement does not present this Court with an issue that is viable. We therefore deny his motion. *See* Rule 12-

208(F) NMRA ("The Court of Appeals may, upon good cause shown, allow the amendment of the docketing statement."); *see also State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying the defendant's motion to amend the docketing statement when the argument sought to be raised was not viable).

{8} Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{9} **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**